**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **BRENDON BUTHUMUZI NDLOVU,** *Plaintiff* | § | |
| **v.** | § | **No. 1:26-CV-02485-ABD-DH** |
| **U.S. CITIZENSHIP AND IMMIGRATION SERVICES, ET AL.,** *Defendants* | § | |

**ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ANDREW B. DAVIS
UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Brendon Buthumuzi Ndlovu's application to proceed *in forma pauperis*. Dkt. 2. Because Ndlovu is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of his claims pursuant to 28 U.S.C. § 1915(e).

## I. REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Ndlovu's financial affidavit and determined he is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the

Court hereby **GRANTS** Ndlovu's request for *in forma pauperis* status, Dkt. 2. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Ndlovu is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and recommends that Ndlovu's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Judge's review of the recommendation made in this report. If the District Judge declines to adopt the recommendation, then service should be issued at that time upon Defendants.

## II. REVIEW OF THE MERITS OF THE CLAIM

Because Ndlovu has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review his complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is

frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hou. N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Ndlovu bring this lawsuit based on Defendants U.S. Citizenship and Immigration Services ("USCIS"), Joseph B. Edlow, and Markwayne Mullin's (collectively, "Defendants") failure to adjudicate his applications for Deferred Action for Childhood Arrivals ("DACA") and employment authorization, which he filed in April 2026. Dkts. 1, at 3-7; 1-2, at 2 (receipt for Ndlovu's Form I-821D application for consideration of DACA), 3 (receipt for Ndlovu's Form I-765 application for employment authorization). Because of Defendants' delay in rendering a decision on his applications, Ndlovu alleges that he has been unable to accept employment opportunities following the June 2026 expiration of his prior DACA and employment authorization, which has caused him to suffer "concrete economic and practical prejudice." Dkt. 1, at 3, 7. Ndlovu brings a claim under the Administrative Procedure Act ("APA") and seeks mandamus relief requiring Defendants to adjudicate his immigration applications "within a deadline the Court determines to be reasonable."

*Id.* at 6-8. Because the Court does not have subject-matter jurisdiction to review Ndlovu's claims, the undersigned recommends that the District Judge dismiss his complaint.

While the APA gives this Court power to "compel agency action unlawfully withheld or unreasonably delayed," the APA does not apply to statutes that preclude judicial review. 5 U.S.C. §§ 701(a), 706(1); *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 17 (2020). Under section 1252(a)(2)(B)(ii) of the Immigration and Nationality Act ("INA"), "no court shall have jurisdiction to review ... any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). Both of Ndlovu's pending applications implicate discretionary decisions of the Attorney General or the Secretary of Homeland Security, suggesting that Ndlovu's challenge falls within section 1252(a)(2)(B)(ii). *Texas v. Biden*, 10 F.4th 538, 553 (5th Cir. 2021) (noting that "Deferred Action for Childhood Arrivals ('DACA') program was a discretionary program" (citing *Regents*, 591 U.S. at 25-26)); *Suarez v. Cowan*, No. 1:19-CV-124, 2019 WL 7494391, at *6 (S.D. Tex. Oct. 29, 2019) (explaining that "it can be fairly said that Congress has given USCIS unfettered discretion concerning the issuance of employment authorization to aliens"), *R. & R. adopted*, No. 1:19-CV-124, 2020 WL 80641 (S.D. Tex. Jan. 7, 2020).

The Fifth Circuit has also explained that section 1252(a)(2)(B)(ii) deprives courts "of jurisdiction to review *any discretionary decision* or action rendered by the

Attorney General," including the "pace at which th[e] [adjudication process] is undertaken." *Cheejati v. Blinken*, 106 F.4th 388, 394 (5th Cir. 2024) (emphasis in original). Because Ndlovu complains of the pace at which USCIS is adjudicating his applications, his claims fall within the contours of *Cheejati* and support a finding that this Court does not have subject-matter jurisdiction over his claims under section 1252(a)(2)(B)(ii). Dkt. 1, at 6 (challenging the "reasonableness of the delay" in adjudicating Ndlovu's applications); 106 F.4th at 394; *see also Mysaev v. U. S. Citizenship & Immigr. Servs.*, No. 3:22-CV-0371-B, 2022 WL 2805398, at *6 (N.D. Tex. July 18, 2022) ("If the Court were to either adjudicate or compel adjudication of [plaintiff]'s claim, it would unfairly prejudice those who have been waiting longer than [plaintiff] and create a race to the courthouse, substituting the federal courts as adjudicators of immigration applications—a role Congress conferred to USCIS." (citation omitted)). Accordingly, the undersigned recommends that the District Judge dismiss Ndlovu's complaint for lack of subject-matter jurisdiction under section 1252(a)(2)(B)(ii) of the INA.

## III. ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Ndlovu's application to proceed *in forma pauperis*. Dkt. 2. The undersigned **RECOMMENDS** that the District Judge **DISMISS** Ndlovu's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Judge should now be canceled.

## IV. WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED September 18, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE